**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IRIS MEEKS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-04540** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **POWER SOLUTIONS INTERNATIONAL,** | ) | |
| **INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

---

## COMPLAINT

Plaintiff, Iris Meeks ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Power Solutions International, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").  (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Iris Meeks resided in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Power Solutions International, Inc. was a corporation doing business in and for DuPage County whose address is 201 Mittel Drive, Wood Dale, IL 60191.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a warehouse kitting employee beginning in or around October of 2022, until her unlawful termination on or around January 19, 2023.

12.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13.     Plaintiff is female and is a member of a protected class because of her sex.

14.     Throughout the entire duration of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15.     Beginning in or around October of 2022, Plaintiff began to be sexually harassed by several male coworkers in Defendant's warehouse.

16.     Defendant's male employees' comments included, but were not limited to, the following:

- "Oh baby";
- "Mamma mia!";
- "I'll hit that pussy"; and
- "I'll fuck her in the ass."

17.     Other similarly situated employees at Defendant's workplace (non-female individuals) were not subject to the same sexually harassing conduct as Plaintiff.

18.     In or around that same time, the sexually-charged remarks made to Plaintiff became so commonplace that her supervisor, Victor (LNU) would say, "Swish, swish, I like that ass" each time Plaintiff walked past him at work.

19.     These comments made Plaintiff feel extremely violated and unsafe in a work environment dominated by males.

20.     In or around that same month, October 2022, Plaintiff engaged in protected conduct in response to this treatment and reported the offending male coworkers/supervisors to Defendant's Human Resources (HR) Department.

21.     Unfortunately, Plaintiff's complaints fell on deaf ears and she was even still forced to work the same shifts with her harassers.

22.     As such, Defendant failed or refused to investigate Plaintiff's reports of sexual harassment or take remedial measure to prevent further harassment of Plaintiff.

23.     The sexual harassment continued to the point that Plaintiff was in the HR department every other day begging for Defendant to take action, to no avail.

24.     Following Plaintiff's engagement in protected activity (reporting unlawful harassment/discrimination on the basis of her sex, female), the disparate treatment she experienced worsened.

25.     Plaintiff would arrive at work only to find that her personal items had been stolen from her locker or desk.

26.     Eventually, the items would be returned to her locker/desk, purposefully broken.

27.     Male coworkers, observing that their behavior towards Plaintiff would go unchecked, began to record videos of Plaintiff at work, saying things like, "Nice ass" and "I'll fuck her."

28.     This severe escalation of sexually harassing behavior was terrifying to Plaintiff and took a drastic troll on her mental and physical health.

29. Plaintiff felt as though Defendant encouraged this sex-based conduct as a result of their knowledge and continuing inaction, effectively making her feel as if her concerns and safety did not matter.

30. Ultimately, on or around January 19, 2023, after approximately four months of sexual harassment and abuse, Defendant terminated Plaintiff's employment.

31. The reason Defendant gave Plaintiff for terminating her employment was that they were "running out work," which was clearly pre-textual for sex-based discrimination and retaliation for engaging in protected activity.

32. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

33. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

34. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

36. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant's HR department about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

41. Defendant knew or should have known of the harassment.

42. The sexual harassment was severe or pervasive.

43. The sexual harassment was offensive subjectively and objectively.

44. The sexual harassment was unwelcomed.

45. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

47. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Plaintiff met or exceeded performance expectations.

50. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

52.    Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

53.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

55.    Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

56.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

58.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

60.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

61.    Plaintiff's suffered an adverse employment action in retaliation for engaging in a

protected activity.

62.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

64.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.     Enter an order finding that Defendant violated Title VII of the Civil Rights Act and award the following:

b.     Back pay and benefits;

c.     Interest on back pay and benefits;

d.     Front pay and benefits;

e.     Compensatory damages for emotional pain and suffering;

f.     Pre-judgment and post-judgment interest;

g.     Injunctive relief;

h.     Punitive damages;

i.     Reasonable attorney's fees and costs; and

j.     For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of July, 2023.

$\qquad$ /s/ *Mohammed O. Badwan*

**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

9