UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRIS MEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CV 04540 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Power Solutions International, Inc.'s motion for leave to file an amended answer and affirmative defenses to Plaintiff Iris Meek's amended complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] For the following reasons, the Court grants Defendant's motion [47].

**I.**     **Background**

Plaintiff initiated this action in July 2023. Plaintiff thereafter filed an amended complaint on January 10, 2024 with leave of Court, adding three counts alleging racial discrimination, race-based harassment, and retaliation for engaging in protected activity. (Dkt. 21.) Defendant timely filed an answer to the amended complaint on January 29, 2024. (Dkt. 27.) Defendant's answer did not raise any statute of limitations affirmative defense.

Discovery closed on July 19, 2024. Defendant's current counsel of record replaced former defense counsel on November 1, 2024, after which undersigned counsel determined that former

---

[1] Defendant withdrew its request for leave to file a dispositive motion, without prejudice, at the Court's request, until resolution of Defendant's request for leave to file an amended answer and affirmative defenses.

defense counsel had failed to move to dismiss certain claims as untimely or raise any affirmative defenses in the answer to the amended complaint.

Defendant thus filed the instant motion seeking to amend its answer to raise, for the first time, a statute of limitations affirmative defense. Specifically, Defendant contends that Plaintiff filed a U.S. Equal Employment Opportunity Commission ("EEOC") charge covering the various discriminatory, harassing, and retaliatory conduct she added to the operative amended complaint on November 15, 2023, approximately four months *after* filing that amended complaint. Defendant argues that, given the 300-day timeline applicable to bringing race-based claims, *see* 42 U.S.C. § 2000e-5(e), Plaintiff's EEOC charge was untimely for any alleged discriminatory conduct occurring before January 19, 2023. Defendant claims that it will suffer prejudice, and that inefficiencies in the case will result, if it is not permitted to raise a statute of limitations defense at this stage.[2]

Plaintiff opposes Defendant's request, contending that Defendant's motion is a result of undue delay, and that granting such motion will result in prejudice to Plaintiff.

## II. Legal Standard

Under Rule 8 of the Federal Rules of Civil Procedure, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). While an affirmative defense that is not raised in a defendant's answer may be deemed waived, *see Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008), this rule is "not to be applied rigidly." *Matthews v. Wisconsin Energy Corp.*, 642 F.3d 565, 570 (7th Cir. 2011) (quoting *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998)). Failure to plead an affirmative defense results in waiver "only if the plaintiff is harmed by the defendant's delay in asserting it." *Id.* (quoting *Carter v. United States*, 333 F.3d 791, 796

---

[2] Plaintiff also alleges that a material change in the law occurred after Defendant answered the amended complaint, which warrants granting Defendant leave to amend its answer. The Court declines to address whether the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) warrants an amendment, as this Court rests its decision on other grounds.

(7th Cir. 2003)). "[T]he expense of conducting a suit does not count as prejudice[.]" *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015). Neither can a plaintiff establish prejudice "merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (per curiam). Rather, "what [is] mean[t] by 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." *Global Tech. & Trading, Inc.*, 789 F.3d at 732. Resultingly, technical failure to assert an affirmative defense in the pleadings does not necessarily constitute waiver of the defense where the plaintiff has an opportunity to respond to the later-asserted affirmative defense. *See Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 850 (N.D. Ill. Oct. 19, 2006) (Pallmeyer, J.); *see also Hendricks v. Lauber*, 2019 WL 194376, at *4 (N.D. Ill. Jan. 15, 2019) (Kendall, J.) ("Raising an affirmative defense for the first time at summary judgment causes no harm to plaintiff so long as he is provided an opportunity to respond.").

Although leave to amend is "freely given when justice so requires," it is not an absolute right. *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)). District courts have discretion to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019).

**III.    Discussion**

Defendant seeks to amend its answer to add a statute of limitations defense, which is an affirmative defense and thus should have been asserted in Defendant's answer to the amended complaint. Fed. R. Civ. P. 8(c); *Walker*, 526 F.3d at 979. This Court, however, will not apply this rule rigidly, as "[i]n the real world . . . failure to plead an affirmative defense will rarely result in waiver."

3

*Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (Shadur, J.). Of principal consideration for this Court is whether Defendant's delay in asserting its statute of limitations affirmative defense will cause Plaintiff harm, or whether the amendment Defendant seeks is a result of undue delay, bad faith, or dilatory motive, or would be futile. *See Matthews*, 642 F.3d at 570; *MAO-MSO Recovery II, LLC*, 935 F.3d at 582.

The Court finds that there is no harm to Plaintiff in allowing Defendant to amend its answer. Despite having moved for leave to amend its answer more than four months after the close of discovery, summary judgment briefing has not yet begun, and no trial date has been set. Thus, Plaintiff's proposed amended pleading will cause no delay to these proceedings, and Plaintiff will have ample opportunity to respond to Defendant's statute of limitations defense in its summary judgment materials. *See, e.g.*, *Neuma, Inc.*, 515 F. Supp. 2d at 851 (granting motion to add a statute of limitations defense where plaintiff had ample opportunity respond in summary judgment briefing); *Morrison v. Protective Life Ins. Co.*, 2012 WL 13195733, at *1–*2 (N.D. Ill. Aug. 15, 2012) (Dow Jr., J.) (granting motion to add a statute of limitations defense where both parties had "extensively" briefed the statute of limitations issue in summary judgment materials). The Court is unpersuaded by Plaintiff's cited cases, which are distinguishable in both issues presented and procedural posture. *See, e.g.*, *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683–84 (7th Cir. 2014) (denying motion for leave to amend counterclaims); *Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (denying motion for leave to file second amended complaint after filing of motion for summary judgment); *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) (denying motion for leave to add affirmative defense where defendants' first and only mention of the defense was in their reply memorandum in support of motion for summary judgment); *Sanders v. Venture Stores*, 56 F.3d 771, 773–74 (7th Cir. 1995) (denying motion to amend complaint to add claims).

And although Plaintiff claims that she will be "forced to re-open depositions, engage in new document production, and delay resolution of her claims," (Dkt. 52 at *5), Plaintiff fails to identify what specific discovery she needs to "more competently respond" to the proposed defense. *Neuma, Inc.*, 515 F. Supp. 2d at 851.

Additionally, the Court finds that Defendant's proposed amendment is not a result of undue delay, bad faith, or dilatory motive. Despite Plaintiff's characterization of Defendant's efforts to amend its answer as an eleventh-hour ambush, the Court has not been presented with anything to suggest that such is the case. *See, e.g.*, *Angelopoulos v. Keystone Orthopedic Specialists, S.C., Wachn, LLC*, 2017 WL 2445130, at *2 (N.D. Ill. Jun. 6, 2017) (Dow, Jr., J.) (finding that eleventh-hour ambush of plaintiff warranted denial of defendant's motion to add affirmative defense, where motion was filed on fifth day of trial, defense was never previously mentioned in pretrial order's list of claims and defenses, and plaintiff had no reasonable opportunity to address defense). The Court has no reason to doubt that Defendant promptly filed the instant motion when it learned that a statute of limitations defense should have been asserted in its answer. The Court is also persuaded that the proposed amendment is not futile.

Accordingly, because Plaintiff will suffer no harm and will have sufficient opportunity to respond, the Court concludes that Defendant has not waived its statute of limitations defense by raising it at this stage of the litigation, rather than in its answer to the amended complaint.

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendant's motion for leave to file an amended answer to Plaintiff's amended complaint [47] to add a statute of limitations affirmative defense. Defendant is ordered to file an amended answer on the docket within seven days of this Opinion.

**IT IS SO ORDERED.**

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: 5/5/2025